1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kasey Markeith Hayes,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-16-04190-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Amend Judgment of Petitioner Kasey Markeith Hayes, which the Court will construe as a Motion for Reconsideration. (Doc. 36). For the following reasons, the Court denies the motion.

Motions for reconsideration are to be granted only in rare circumstances, and the Court "will ordinarily deny" such a motion. L.R. Civ. 7.1(g)(1). Such a motion is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration may not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." L.R. Civ. 7.1(g)(1). As such, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *Benge v. Ryan*, No. CV 14-00402-PHX-DGC (BSB), *2 (D. Ariz. filed Feb. 17, 2016).

Petitioner argues once again that the victim's testimony was not credible and that a jury could not have concluded that the assault occurred after the victim's phone call with B.A. In support of this argument, Petitioner attaches transcripts from his testimony at the trial. The trial transcripts show Petitioner's testimony that he went to sleep and woke up approximately an hour later to the sound of a phone being off the hook. Petitioner states that he went to hang up the phone, heard sexual noises coming from the victim's room, and then went back to his room to sleep. These transcripts are not newly discovered evidence. Petitioner has made no argument that there was an intervening change in controlling law. Petitioner has made no colorable claim that the Court's order committed clear error or was manifestly unjust. Petitioner continues to assert that he did not assault the victim. But the jury heard testimony from both Petitioner and the victim, along with other physical evidence. It is the jury's role to find facts and to weigh the credibility of witnesses and the evidence. Petitioner's testimony does not establish his innocence or that the Court committed an error.

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration of Petitioner Kasey Markeith Hayes (Doc.36) is **DENIED**.

Dated this 19th day of June, 2018.

_____
Honorable G. Murray Snow
United States District Judge